Raymond P. BOIVIN, Plaintiff,

v.

Jeffrey MERRILL, et al., Defendants.

Civil No. 97–177–B.

United States District Court,
D. Maine.

Aug. 12, 1999.

Stuart W. Tisdale, Jr., Mary Davis, Tisdale & Davis, Portland, ME, for plaintiff.

Diane Sleek, AAG, Office of the Attorney General, Augusta, ME, for defendant.

## ORDER

BRODY, District Judge.

On January 20, 1999, a jury rendered a verdict in favor of Plaintiff Raymond P. Boivin ("Plaintiff") in the above-captioned civil rights action. Specifically, the jury found that Defendant Donald Black ("Defendant"), a correctional officer at Maine Correctional Institution–Warren ("MCI–Warren"), violated Plaintiff's due process rights as a pre-trial detainee when he supervised the placement of Plaintiff in a restraint chair. Plaintiff was awarded nominal damages in the amount of $1.00. The Court entered an amended judgment in this action on March 24, 1999, following denial of Defendant's Motion for Judgment as a Matter of Law.

Before the Court is an application by Tisdale & Davis, P.A. ("Tisdale"), Plain-

tiff's counsel, for attorney's fees in the amount of $3,892.50. Defendant opposes Tisdale's application on the ground that section 1997e(d)(2) of the Prison Litigation Reform Act of 1995 ("PLRA") precludes an award of attorney's fees in this case. For the reasons stated below, Tisdale's Application for Attorneys' Fees is GRANTED.

## I. DISCUSSION

Defendant contends that section 1997e(d) of the PLRA bars an award of attorney's fees in connection with this action because Plaintiff's claim yielded no more than nominal damages. That section provides in relevant part:

(1) In any action brought by a prisoner who is confined to any . . . correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

(B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation;

. . . .

(2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy that amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

42 U.S.C.1997e(d) (Supp. II 1996). Looking to paragraph 2 of this section, Defendant argues that nominal damages qualify as a "monetary judgment" and that his liability for attorney's fees therefore is limited to 150 percent of that judgment.

■ The extent to which section 1997e(d) of the PLRA limits attorney's fees where a plaintiff is awarded nominal damages in a civil rights action is a question of first impression for this Court. Indeed, neither the parties nor the Court has located any case law addressing this issue which is essentially one of statutory interpretation. When interpreting a statute, a court must endeavor to divine the intent of Congress, beginning with the plain meaning of the statutory language. *See Brady v. Credit Recovery Co.*, 160 F.3d 64, 66 (1st Cir.1998). As the First Circuit has noted, however, "the plain-meaning doctrine is not a pedagogical absolute" and courts should "go beyond the plain meaning of the statutory language when adherence to it would produce an absurd result." *Greenwood Trust Co. v. Commonwealth of Mass.*, 971 F.2d 818, 825 (1st Cir.1992).

■ Interpreting the term "monetary judgment" to include an award of nominal damages would produce absurd results indeed. The present matter is an apt example. Tisdale spent at least 23 hours preparing his client's case and 24 hours in trial, following which his client received a verdict in his favor and a nominal damage award of $1.00. Pursuant to section 1997e(d)(2), which caps attorneys' fees at 150 percent of a monetary judgment, Tisdale would be entitled to no more than $1.50 for his efforts. As Tisdale notes, such an award would discourage many attorneys from taking on prisoner's rights cases despite the power of even nominal judgments to vindicate important constitutional principles. The Court finds nothing in the legislative history of this provision to suggest that Congress intended this result.[1]

1. A primary purpose of the PLRA is "to discourage frivolous and abusive prison lawsuits." 141 Cong. Rec. S14408–01 (daily ed. Sept. 27, 1995) (statement of Sen. Dole). The Court considers a due process claim resulting in a finding of liability neither frivolous nor abusive.

**52**

While the Court holds that a nominal damage award does not constitute a monetary judgment within the meaning of section 1997e(d)(2), it finds that an award of attorney's fees in a nominal damages case nevertheless is subject to the requirements of reasonableness and proportionality set forth in section 1997e(d)(1)(A) & (B). These requirements merely codify the pre-existing state of the law with respect to the award of attorney's fees in civil rights actions under 42 U.S.C. § 1988. *See* 42 U.S.C. § 1988(b) (Supp. II 1996) ("[i]n any action or proceeding to enforce a provision of section[ ] ... 1983, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs") In *O'Connor v. Huard,* 117 F.3d 12, 18 (1st Cir.1997), the First Circuit set the standard for such awards in cases involving nominal damages. The Court declined to adopt a per se rule barring attorney's fees and went on to find the district court's award of attorney's fees reasonable, citing the deterrent impact of the litigation on those who otherwise would violate a prisoner's constitutional rights and the need to provide attorneys with an incentive to represent litigants seeking to vindicate such rights. *See O'Connor,* 117 F.3d at 18. The Court also noted that the remedy sought by the plaintiff, "relief from ... [the] infliction of punishment without due process of law," was not unreasonable when compared to the verdict he received. *Id.* (contrasting its facts with those of *Farrar v. Hobby,* 506 U.S. 103, 113, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), in which Supreme Court refused to award attorney's fees where plaintiff sought $17 million in compensatory damages and received only $1).

Guided by *O'Connor,* the Court is satisfied that the attorney's fees sought here by Tisdale are eminently reasonable. The in-court and out-of-court hours are billed at an appropriate rate and it is undisputed that the 23 hours of out-of-court time billed reflect only a fraction of the actual time spent preparing Plaintiff's case. Moreover, like the plaintiff in *O'Connor,* Tisdale's client did not specifically seek a large compensatory damage award disproportionate to the verdict and award he actually received.

## II. CONCLUSION

For the reasons discussed above, the Court GRANTS Tisdale's Application for Attorneys' Fees and awards a fee of $3,892.50.

*SO ORDERED.*